IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3192-FL

| | | |
|---|---|---|
| NATHANIEL R. WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EDDIE M. BUFFALOE, TODD E. ISHEE, CATHY JUDGE, and BERDINA J. MATTHEWS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on June 17, 2022, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. The matter is before the court for initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and on plaintiff's motion to expedite initial review (DE 3), for temporary restraining order and preliminary injunction (DE 4), to amend complaint (DE 10), and for sanctions (DE 11).

A.  Plaintiff's Motions

The court begins with plaintiff's motion for temporary restraining order and preliminary injunction.[1]  In order to obtain preliminary injunctive relief, plaintiff must establish: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of

---

[1] Plaintiff has filed a standalone motion for temporary restraining order and preliminary injunction (DE 4), and he also seeks preliminary injunctive relief in his motion to amend/supplement (DE 10).  The analysis herein applies to both motions.

preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Plaintiff has not established the foregoing elements. As to the likelihood of success on the merits, plaintiff argues that the denial of his "pro se legal mail" will deprive him of the ability to litigate pending civil cases that he is litigating pro se. These conclusory allegations are insufficient to establish a claim for denial of access to the courts. See Lewis v. Casey, 518 U.S. 343, 351 (1996) (discussing requirements for establishing denial of access to the courts claim); Christopher v. Harbury, 536 U.S. 403, 414–16 (2002) (same). Moreover, plaintiff's argument that the law governing his claim is "clearly established" does not standing alone show that plaintiff's action has a likelihood of success on the merits. Similarly, plaintiff's allegations of irreparable harm are conclusory and unsupported by specific demonstration of fact necessary to obtain preliminary injunctive relief. See Winter, 555 U.S. at 22. And to the extent plaintiff is relying on his verified complaint and the documents attached thereto, those filings do not clearly show plaintiff will suffer irreparable harm in the absence of preliminary relief. Finally, the public interest does not support court intervention at this stage of the proceedings. See Florence v. Board of Chosen Freeholders of Cty. of Burlington, 566 U.S. 318, 328 (2012); Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994) ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons."). Accordingly, the motions for temporary restraining order or preliminary injunction are denied.

As for plaintiff's motion to amend/supplement the complaint, the motion is granted as a matter of course. See Fed. R. Civ. P. 15(a)(1). Accordingly, the court will review and consider

the claims in plaintiff's original and supplemental complaints when conducting the initial review below.

Plaintiff also moves for sanctions and for default judgment against defendant Cathy Judge, the warden of the Harnett Correctional Institution, based on her alleged involvement in reviewing and photographing plaintiff's legal files. Plaintiff does not identify the procedural vehicle for imposing sanctions at this stage of the case. The court, however, will broadly construe the motion as requesting sanctions under the court's inherent authority.[2] See United States v. Shaffer Equipment Co., 11 F.3d 450, 461–63 (4th Cir. 1993). The court's inherent power to sanction a party "must be exercised with the greatest restraint and caution, and only to the extent necessary." Id. at 461. In determining whether to issue sanctions pursuant to its inherent authority, the court considers a variety of factors, including the culpability of the wrongdoer and the degree of prejudice to the complaining party. See id. at 462.

The court declines to sanction defendant Judge where it is not clear that she violated plaintiff's rights in searching his legal files. See Turner v. Safley, 482 U.S. 78, 89 (1987) (holding that even if a prison policy impinges on recognized constitutional rights, it may be upheld if it is "reasonably related to legitimate penological interests"). In the absence of a showing that defendant Judge's actions were not reasonably related to legitimate penological interests, the court declines to issue the drastic sanction of default judgment. See Shaffer Equipment, 11 F.3d at 462 (concluding that "the degree of the wrongdoer's culpability" is a relevant factor when determining whether to issue sanctions under the court's inherent authority). Moreover, plaintiff's conclusory

---

[2] Plaintiff cannot seek contempt sanctions against defendant Judge in the absence of a court order. See In re Gen. Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995). Furthermore, sanctions under Federal Rule of Civil Procedure 37 are inappropriate because defendant Judge has not failed to comply with a discovery order. See Fed. R. Civ P. 37(b).

3

assertions that defendant Judge reviewed documents describing his "trial strategy" and otherwise prevented him from accessing his legal files does not standing alone establish the requisite prejudice. See id. at 463. Accordingly, the motion for sanctions and default judgment is denied.

Finally, plaintiff moves to expedite the instant initial review and service of process on defendants. This motion is denied as moot in light of the court's order herein.

B. Initial Review

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Here, plaintiff alleges defendants created a new system for processing non-legal prison mail. Instead of direct delivery of prisoner mail, defendants now utilize a third-party vendor

4

known as TextBehind to process all non-legal mail sent to inmates. Pursuant to the new system, non-legal mail is sent to TextBehind instead of to the prison directly. TextBehind then scans the mail and transmits electronic copies of the scanned images to North Carolina prison officials, who in turn distribute printed copies of the mail to inmates. Generally, legal mail is not subject to the policy. Legal mail is sent to the prison and officials deliver such mail directly to inmates in accordance with established procedures.

According to plaintiff, however, some legal mail is not handled in accordance with the foregoing policy. Specifically, plaintiff alleges that mail containing case law research from legal aid organizations and legal documents sent from his family members have been rejected as non-legal mail. Prison officials instead have instructed the senders to use TextBehind for these documents because they allegedly do not qualify as legal mail from an attorney, court, or other approved legal organization. Plaintiff further alleges that TextBehind at times refuses to scan these same documents based on its separate determination that they qualify as legal mail. As a result, at least in some instances,³ plaintiff has not been able to access case law research from legal aid organizations or legal documents sent from his family (because prison officials reject it as non-legal mail and TextBehind will not process it because they believe it qualifies a legal mail). Finally, plaintiff alleges defendants refuse to allow administrative appeals of these rejections of his legal mail.

Plaintiff alleges this new system impedes his access to the courts, his First Amendment

---

3   The complaint is inconsistent with respect to the allegation that TextBehind will not process materials it receives from legal aid organizations. Although plaintiff does allege that TextBehind returns these materials to sender, he also alleges that some correspondence from legal aid organizations is uploaded and eventually transmitted to him. (Compare DE 1 ¶ V (alleging TextBehind returns to sender all mail it deems to be legal in nature) with id. (alleging that mail from legal aid organizations is "scanned so that an electronic copy is stored on a server at the company and at the facility before being screened and delivered to the inmate")).

right to freedom of speech, and that the lack of a system to appeal rejected legal mail violates his due process rights under the Fourteenth Amendment.

The court begins with plaintiff's claim for denial of access to the courts. While plaintiff does have a constitutional right to reasonable access to the courts, plaintiff must allege that he suffered "actual injury" in order to state a claim. See Lewis v. Casey, 518 U.S. at 351–52; Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006). The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Id. at 353. Thus, a plaintiff alleging denial of access to the courts must describe, in the complaint, "the underlying cause of action and its lost remedy" and provide specific factual allegations showing that the claim is not frivolous. See Christopher v. Harbury, 536 U.S. 403, 414–16 (2002).

Plaintiff has not alleged the actual injury component of his claim. Although plaintiff alleges that the TextBehind procedure impaired his ability to litigate a divorce proceeding pro se, the right of access to the courts does not extend to such a claim. Instead, the Supreme Court has limited access to the courts claims to direct appeals of criminal convictions, habeas corpus actions, and civil rights claims challenging prison conditions. See Lewis, 518 U.S. at 354–55. This is because:

> Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Id. at 355. Accordingly, where plaintiff has not alleged that a direct criminal appeal, habeas

6

Case 5:22-ct-03192-FL   Document 14   Filed 12/28/22   Page 6 of 9

petition, or civil rights complaint challenging his conditions of confinement was frustrated or impeded by the TextBehind policy, his denial of access to the courts claim cannot survive initial review. For the same reason, the claim in plaintiff's supplemental complaint (DE 10) fails to allege actual injury under the standard set forth above.

The court next turns to plaintiff's Fourteenth Amendment Due Process claim. Plaintiff alleges defendants failed to provide notice and an appeal procedure after his legal mail was rejected by both the correctional institution and TextBehind. As a threshold matter, plaintiff does not allege which defendants (if any) were personally responsible for the alleged denial of notice and an appeal. See Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). More importantly, "inmates have no constitutional entitlement or due process interest in access to a [prison] grievance procedure." See Booker v. South Carolina Dep't of Corr., 855 F.3d 533, 541 (2017). Finally, the court notes that plaintiff was afforded an opportunity to challenge the mail rejections through the North Carolina Department of Public Safety's ("DPS") administrative grievance system. (See DE 1-1 at 12–13, 16–23).[4] Accordingly, plaintiff's Fourteenth Amendment claim is without merit.

Finally, the court turns to plaintiff's claim that the new TextBehind policy effectively prohibits him from receiving legal mail sent to him from family members or legal aid organizations that are not approved by the prison. As set forth above, plaintiff is alleging that unidentified prison officials reject this mail because it does not qualify as legal mail under statewide policy,

---

[4]    Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

7

and that TextBehind will not process such mail because it does qualify as legal mail pursuant to TextBehind's internal policy. Where plaintiff alleges the policy effectively results in wholesale denial of access to certain mail – regardless of its precise status as legal or non-legal mail – the allegations likely do state a claim for denial of plaintiff's First Amendment right to send and receive mail. See Matherly v. Andrews, 859 F.3d 264, 280–81 (4th Cir. 2017); Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999).

As noted above, a policy that impinges on an inmate's First Amendment rights nevertheless may be upheld if defendants can establish it is reasonably related to legitimate penological interests, under the four-factor test in Turner v. Safely, 482 U.S. 78, 89–91 (1987). The court, however, cannot meaningfully address these factors in the absence of a response by defendants. Accordingly, the court will allow this claim to proceed against defendants Todd Ishee and Eddie Buffaloe, the administrators responsible for the TextBehind policy. The court also allows the claim to proceed against defendants Judge and Berdina J. Matthews, both of whom were involved in rejecting legal mail sent to plaintiff pursuant to the policy. (See Compl. Exs. (DE 1-1) at 23).

Furthermore, where plaintiff is arguably alleging an ongoing violation of his First Amendment rights and seeking an injunction directing prison officials to cease violating those rights, at this preliminary stage the court does not address whether plaintiff's official capacity claims should be dismissed. See Constantine v. Rectors and Visitors of George Mason Univ., 411 F.3d 474, 496 (4th Cir. 2005) (discussing Ex Parte Young exception to Eleventh Amendment immunity). Defendants may address this issue in their response to the complaint.

## CONCLUSION

Based on the foregoing, plaintiff's motion to amend to add supplement (DE 10) is

8

GRANTED, but the claim asserted therein is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motions to expedite (DE 3), for temporary restraining order or preliminary injunction (DE 4), and for sanctions (DE 11) are DENIED. Plaintiff is ALLOWED to proceed with his First Amendment claim alleging denial of access to certain mail sent from his family or legal aid organizations, as alleged against all defendants. The remaining claims in the complaint are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The clerk is DIRECTED to proceed in accordance with Standing Order 14-SO-02, which governs service of process in state prisoner civil rights cases. In the event it becomes necessary, the court DIRECTS the United States Marshals Service to proceed with service of process pursuant to 28 U.S.C. § 1915(d).

SO ORDERED, this the 28th day of December, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge